No. 16-6597

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RANDALL MILLS,
Plaintiff-Appellant,

v.

SHARON D. JENKINS, in her individual and official capacities as an agent of
the Tennessee Bureau of Investigation,
Defendant-Appellee,

And

WEAKLEY E. BARNARD, MARK GWYN, BETH RHOTON, MARSHALL
COUNTY, and CITY OF LEWISBURG,
Defendants.

On Appeal from the Judgment of the United States District Court for the
Middle District of Tennessee, Case no. 1:14-CV-00150
_____

**DEFENDANT-APPELLEE SHARON D. JENKINS'S PETITION FOR
PANEL REHEARING AND FOR REHEARING EN BANC**
_____

                                      HERBERT H. SLATERY III
                                      Attorney General and Reporter

                                      ANDRÉE S. BLUMSTEIN
                                      Solicitor General

                                      DAWN JORDAN
                                      Senior Deputy Attorney General
                                      Tennessee Attorney General's Office
                                      P. O. Box 20207
                                      Nashville, Tennessee 37202-0207
                                      (615) 532-2500

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................i

TABLE OF AUTHORITIES ......................................................................... ii

RULE 35(b) STATEMENT ............................................................................1

STATEMENT OF THE CASE .......................................................................2

REASONS FOR GRANTING REHEARING .................................................3

    I.   THE PANEL'S HOLDING THAT PLAINTIFF STATED A FOURTH AMENDMENT CLAIM FOR MALICIOUS PROSECUTION, BY ALLEGING THAT DEFENDANT FABRICATED EVIDENCE *AFTER* ISSUANCE OF HIS INDICTMENT, CONFLICTS WITH THE SUPREME COURT'S RECENT DECISION IN *MANUEL V. CITY OF JOLIET* ......................................................................................3

    II.  THE PANEL ERRED IN HOLDING THAT PLAINTIFF SUFFICIENTLY PLEADED CLAIMS ALLEGING MALICIOUS PROSECUTION AND THE FABRICATION AND WITHHOLDING OF EVIDENCE, BECAUSE PLAINTIFF'S ALLEGATIONS ARE MERELY CONCLUSORY ................................................................................6

        A.   Plaintiff Failed to Plead Sufficient Facts to Sustain a Malicious-Prosecution or Fabrication-of-Evidence Claim ................7

        B.   Plaintiff Failed to Plead Sufficient Facts to Sustain a Withholding-of-Evidence Claim ......................................................12

CONCLUSION ..............................................................................................14

CERTIFICATE OF SERVICE .......................................................................15

CERTIFICATE OF COMPLIANCE .............................................................16

ADDENDUM .................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................. 7, 8, 9

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*,
    502 F.3d 545 (6th Cir. 2007) ...................................................................... 7, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................... 7, 8

*King v. Harwood*,
    852 F.3d. 568 (6th Cir. 2017) ........................................................................ 4

*Manuel v. City of Joliet*,
    137 S. Ct. 911 (2017) ........................................................................... *passim*

*Manuel v. City of Joliet*,
    590 Fed. App'x 641 (7th Cir. Jan. 28, 2015) .................................................. 4

*Mills v. Barnard*,
    No. 16-6597 (6th Cir. Aug. 28, 2017) (copy attached) .......................... *passim*

*Mouvad v. Marathon Petroleum Company, LP*,
    654 Fed. App'x 792 (6th Cir. 2016) ............................................................... 8

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
    683 F.3d 239 (6th Cir. 2012) .......................................................................... 8

*Robertson v. Lucas*,
    753 F.3d 606 (6th Cir. 2014) ........................................................................ 14

*United States v. Farah*,
    766 F.3d 599 (6th Cir. 2014) ........................................................................ 13

## STATUTES

42 U.S.C. § 1983 ................................................................................................. 2, 3, 4

# RULE 35(b) STATEMENT

Defendant-Appellee, Sharon D. Jenkins, petitions for rehearing because the panel decision, holding that Plaintiff stated a Fourth Amendment claim for malicious prosecution, conflicts with the Supreme Court's recent decision in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). Consideration by the full court is therefore necessary to secure and maintain uniformity of the Court's decisions.

S/Dawn Jordan
Deputy Attorney General
Attorney for Sharon D. Jenkins

## STATEMENT OF THE CASE

Plaintiff was convicted in state court in January 2000 of rape of a child, aggravated sexual battery, and casual exchange. (Comp., ¶¶ 54-55, PageID ## 10-11). Defendant Sharon Jenkins, an analyst for the Tennessee Bureau of Investigation, had testified at Plaintiff's trial. Jenkins had performed DNA testing of semen and sperm she found on the minor's underwear after Plaintiff had been indicted, and her testimony about her DNA findings corroborated the minor's testimony. (Exhibit, State-court opinion, RE 13-1, PageID # 124.

Eight years later, during the course of federal habeas proceedings, Plaintiff had the underwear retested by his own DNA expert, whose findings conflicted with Jenkins's. (*Id.*, PageID ## 125, 127-28). After a hearing on this new evidence, at which Jenkins reiterated her findings and trial testimony, a state court granted a new trial on the charge of rape by penile penetration. (Id., PageID ## 127, 133). That charge was later dismissed, and a new trial was ordered on the remaining charges. (*Id.*, PageID ## 134, 139). Ultimately, a nolle prossequi was entered on the indictment. (Complaint, RE 1, Page ID# 15).

Plaintiff then brought this suit against Defendant Jenkins under 42 U.S.C. § 1983, along with others involved in his prosecution, alleging malicious prosecution and the fabrication and withholding of evidence. The district court dismissed his complaint for failure to state a claim. (Order, RE 57, PageID # 548).

After Plaintiff appealed that judgment as to Defendant Jenkins, the panel reversed. *Mills v. Barnard*, No. 16-6597 (6th Cir. Aug. 28, 2017) ("Panel Op.") (copy attached).

**REASONS FOR GRANTING REHEARING**

**I. THE PANEL'S HOLDING THAT PLAINTIFF STATED A FOURTH AMENDMENT CLAIM FOR MALICIOUS PROSECUTION, BY ALLEGING THAT DEFENDANT FABRICATED EVIDENCE *AFTER* ISSUANCE OF HIS INDICTMENT, CONFLICTS WITH THE SUPREME COURT'S RECENT DECISION IN *MANUEL V. CITY OF JOLIET*.**

The district court dismissed Plaintiff's claim for malicious prosecution. The court concluded that the indictment established probable cause for Plaintiff's prosecution, and because the indictment preceded Defendant Jenkins's DNA testing, it had not been influenced by the results of her testing. (Memorandum, RE 56, PageID ## 477-78). The panel reviewed the elements of a malicious-prosecution claim under the Fourth Amendment, including the element "that there was a lack of probable cause for the criminal prosecution." Panel Op. at 5-6. The panel agreed that "the indictment conclusively determines that probable cause existed for [Plaintiff's] detention," but it held that Plaintiff had nevertheless stated a Fourth Amendment claim because "the § 1983 version of 'malicious prosecution' is not limited to the institution of proceedings"—it also supports a claim for "continued detention without probable cause." *Id.* at 6.

This holding directly conflicts with the decision of the Supreme Court in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), in which the Court held that the Fourth Amendment houses a claim for unlawful pretrial detention when the legal process upon which the person is detained fails to establish probable cause.[1]

In *Manuel*, the Seventh Circuit had held that a claim for unlawful pretrial detention could not be brought under the Fourth Amendment after the issuance of legal process. 137 S. Ct. at 916.[2] The Supreme Court reversed, holding that such a claim could be brought "when legal process itself goes wrong," e.g., when the detention "was based solely on false evidence, rather than supported by probable cause." *Id.* at 917, 918. Manuel had been arrested for possession of a controlled substance, and he had been detained pursuant to a judicial finding of probable cause. But because "[a]ll that the judge had before him were police fabrications about the pills' content," the Court concluded, the judge's order holding Manuel

---

[1] *Manuel* was decided on March 21, 2017—after the completion of briefing in this case but before oral argument. The Defendant submitted *Manuel* as supplemental authority on June 19, 2017. The Defendant also submitted as supplemental authority this Court's decision in *King v. Harwood*, 852 F.3d. 568 (6th Cir. 2017), in which *Manuel* is discussed. *See King*, 852 F.3d at 588.

[2] Manuel had brought his claim as one for malicious prosecution. *See Manuel v. City of Joliet*, 590 Fed. App'x 641, 642 (7th Cir. Jan. 28, 2015). The Supreme Court referred to his claim as one "to contest the legality of his pretrial confinement," 137 S.Ct. at 914, thus making clear that the label matters not to the primary question whether the Fourth Amendment gives rise to a § 1983 claim after legal process has issued. The Court left to the circuit court to address on remand "the contours of Manuel's Fourth Amendment claim for unlawful pretrial detention." *Id.* at 922.

for trial lacked any proper basis. "Legal process did not expunge Manuel's Fourth Amendment claim *because the process he received failed to establish what that Amendment makes essential* for pretrial detention—*probable cause* to believe he committed a crime." *Id.* at 919-20 (emphasis added).

The Court rejected the dissenting justices' view that a different kind of legal process, such as a grand-jury indictment, *would* expunge a Fourth Amendment claim, because "[n]othing in the nature of the legal proceeding establishing probable cause makes a difference for purposes of the Fourth Amendment." *Id.* at 920 n.8. "Whatever its precise form, if the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights, for all the reasons we have stated." *Id. See id. at* 919 ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

The panel decision here cannot be squared with *Manuel*. If the Fourth Amendment gives rise to a claim for unlawful detention, despite the issuance of legal process, when a plaintiff alleges that "the [legal] process he received failed to establish [probable cause]," *id.* at 919-20, it necessarily follows that the Amendment does not give rise to such a claim when, as here, the plaintiff does not (and cannot) so allege because the process he received *did* establish probable

5

cause. Put another way, when the legal process upon which a person is detained is *not* tainted, and thus probable cause is *not* lacking, then the ensuing detention does not violate the confined person's Fourth Amendment rights. *See id.* at 920 n.8.

Plaintiff's indictment *does* expunge his Fourth Amendment claim—he was indicted, and thus probable cause for his detention was established, *before* Jenkins conducted any DNA analysis. *See* Panel Op. at 6. So there can be no claim that his indictment was in any way "tainted" by allegedly fabricated evidence. This was the basis on which the district court dismissed Plaintiff's claim, and its ruling should be affirmed. Plaintiff received all that the Fourth Amendment guarantees: "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint." *Manuel*, 137 S. Ct. at 917-18 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)).[3]

## II. THE PANEL ERRED IN HOLDING THAT PLAINTIFF SUFFICIENTLY PLEADED CLAIMS ALLEGING MALICIOUS PROSECUTION AND THE FABRICATION AND WITHHOLDING OF EVIDENCE, BECAUSE PLAINTIFF'S ALLEGATIONS ARE MERELY CONCLUSORY.

The panel reversed the district court's ruling that Plaintiff had failed to sufficiently plead his claims against Defendant Jenkins, even though Plaintiff's

---

3 Because Plaintiff's Fourth Amendment claim must be based on "legal process itself go[ing] wrong," *id.* at 918, the panel's conclusion that Defendant Jenkins "participated in the prosecution"—because "Jenkins's findings clearly played a role in [Plaintiff's] continued detention"—also conflicts with *Manuel*. Panel Op. at 10. Again, the legal process supporting Plaintiff's detention was his indictment, and Jenkins's DNA results played no role in Plaintiff's indictment.

complaint falls short of alleging anything other than conclusory statements that Jenkins engaged in wrongdoing.

Plaintiff is essentially claiming that because his expert reached different conclusions about the DNA evidence, Jenkins must have lied when she prepared her report and testified at trial and that he should therefore be able to proceed against her for malicious prosecution and the fabrication and withholding of evidence. That position is untenable. Although the panel stressed that "this appeal comes to us at the motion-to-dismiss stage," Panel Op. at 17, Plaintiff ought not be able to subject the State's DNA analyst to a federal lawsuit over what amounts to a difference of scientific opinion. Rehearing should be granted for this reason as well. As the dissent rightly concluded, Panel Op. at 18 (Griffin, J., dissenting), Plaintiff's claims "do not pass muster" under the pleading standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**A. Plaintiff Failed to Plead Sufficient Facts to Sustain a Malicious-Prosecution or Fabrication-of-Evidence Claim.**

It is well settled that, in order to maintain a claim, a Plaintiff cannot rely on threadbare recitations of elements of a cause of action or threadbare legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554-55 (2007); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). A pleading that

offers only labels and conclusions or a formulaic recitation of elements of a cause of action will not withstand muster. Instead, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Twombley*, 550 U.S. at 554-55; *Ass'n of Cleveland Fire Fighters,* 502 F.3d at 548. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

While the conditions of a person's state of mind may be alleged generally, the plaintiff must still plead facts (not simply conclusions) that would make that allegation of intent plausible. *See Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012); *Mouvad v. Marathon Petroleum Company, LP*, 654 Fed. App'x 792, 797-98 (6th Cir. 2016). In *Iqbal*, for example, the Supreme Court found the following allegations insufficient on the question of intent: "that petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. at 680. Because the plaintiff had made only conclusory allegations without factual support, the Court found that the complaint failed to state a claim. *Id.*

Plaintiff's claims include a mental-state element, but his allegations

8

regarding that element are similar to those held to be insufficient in *Iqbal*. Indeed, many of Plaintiff's allegations are even more vague and conclusory because they simply refer to "defendants" and do not identify Defendant Jenkins in particular as one who engaged in any alleged wrongdoing.

The panel recognized that it could not "credit a complaint's conclusory statements without reference to its factual context," Panel Op. at 8, but it did so anyway. The panel determined that the complaint sufficiently pleaded that Defendant Jenkins had acted in a "knowing or reckless" manner for purposes of Plaintiff's malicious-prosecution claim and that Jenkins had acted "knowingly" for purposes of a fabrication-of-evidence claim. Panel Op. 8, 13. In reaching that determination, the panel stated: "According to the complaint, the DNA found in the underwear 'clearly excluded Mr. Mills,' but 'such evidence was deliberately and purposefully withheld' by Jenkins." Panel Op. at 8-9; *see also id.* at 13 (stating that "according to the complaint, the DNA results that were provided by Jenkins were unmistakably exonerating but Jenkins chose to report that they were consistent with Mills' liability").

But there are two problems with this statement. First, the panel conflated allegations from two paragraphs of the Complaint in making this statement: Paragraph 96, which contains the language "clearly excluded Mr. Mills," and Paragraph 56, which contains the language "such evidence was deliberately and

9

purposefully withheld." (Complaint, RE 1, PageID # 18, ¶ 96, PageID # 11, ¶ 56 (copy attached)). Neither of these paragraphs alleges facts sufficient to support a finding of wrongdoing on the part of Sharon Jenkins.

Paragraph 96 merely states that the "defendants" committed overt acts, "set forth in the facts set forth above," including "suppression of exonerating evidence, including, but not limited to, the DNA evidence that clearly excluded Mr. Mills but was labeled 'inconclusive.'" (*Id.*, PageID ## 18-19, ¶ 96). This is just a conclusory recitation of elements of a claim and is thus not entitled to an assumption of truth without facts to support it. And there are no factual allegations in the preceding paragraphs that mention any suppression on the part of Sharon Jenkins.[4] And Paragraph 56 does not even mention DNA or Sharon Jenkins. Plaintiff conclusorily alleges there only that "Evidence that proved CM had engaged in sexual relations with two males, neither of whom was Mr. Mills, and disproved CM's testimony that Mr. Mills had raped her and taken her virginity, was known to defendants who were responsible for investigating and prosecuting Mr. Mills, and such evidence was deliberately and purposefully withheld from Mr. Mills and his defense counsel." (*Id.*, PageID # 11, ¶ 56).

The panel also pointed to a part of Paragraph 65 of the Complaint as

---

4 The only specific mention of suppression of DNA evidence is in Paragraph 49, which specifically states that DA Weakley Barnard failed to turn over the "inconclusive test results, which were actually exculpatory." (*Id.* PageID # 10, ¶ 49).

supporting a "motivation" for misidentifying DNA—a reference that "Defendant Jenkins had misidentified segments of Mr. Mills' DNA in order to support and maintain the guilty verdict." Panel Op. at 9. But this snippet was taken out of context. Paragraph 65 presents allegations against the prosecutor, Defendant Weakley Barnard, not against Defendant Jenkins. It begins with the allegation that ""[u]pon the revelation of the true DNA evidence in Mr. Mills's federal habeas action and subsequent [state-court action], *Defendant Barnard* continued to maintain Mr. Mills's guilt." (Complaint, RE 1, PageID # 13, ¶ 65 (emphasis added)). And it goes on to allege that "*Defendant Barnard* overzealously maintained [a 'bizarre hypothetical scenario']" and that "*Defendant Barnard* alleged" that this scenario "was more plausible than the notion that Defendant Jenkins had mistakenly or intentionally mischaracterized the DNA evidence in CM's underpants, even though evidence had already been presented that Defendant Jenkins had misidentified segments of Mr. Mills' DNA in order to support and maintain the guilty verdict." (*Id.* (emphasis added)). When read in conjunction with Paragraphs 46 and 47, which are the paragraphs of the Complaint specifically alleging Defendant Jenkins's involvement and which fail to allege any wrongdoing on her part, Paragraph 65 does not lend support to an inference that Defendant Jenkins acted knowingly or recklessly.

Second, the allegation that the DNA evidence "clearly excluded Mr. Mills" is itself conclusory. And reference to "the facts and context provided by Mills's complaint" does not, contrary to the panel's determination, support an inference that Jenkins acted knowingly or recklessly. *See* Panel Op. at 8.

The panel determined that Plaintiff's allegations "do not claim to rely upon new DNA evidence from the [later] SERI tests." Panel Op. at 15; *see id.* ("[I]t is clear that the complaint alleges that the DNA evidence suppressed was that which was in Jenkins's possession, not simply the DNA that SERI later tested."). But Plaintiff's claims *do* rely on the DNA that SERI later tested. In Paragraph 47 of the Complaint, Plaintiff alleges that "*later expert analysis* revealed that the DNA evidence used by Defendant Jenkins was actually exculpatory, and many of the semen results Defendant Jenkins termed 'inconclusive' were actually conclusively someone else's DNA." (Complaint, RE 1, PageID # 9, ¶ 47 (emphasis added)). This in no way indicates that Defendant Jenkins knew that her own results were exculpatory or that she misrepresented or misreported her results. There is no allegation, anywhere, that Defendant Jenkins reached DNA results showing that "Mills had been excluded as the source of DNA found in C.M.'s underwear." Panel Op. at 7.

### B. Plaintiff Failed to Plead Sufficient Facts to Sustain a Withholding-of-Evidence Claim.

For the same reasons that Plaintiff failed to sufficiently plead a claim of

malicious prosecution or fabrication of evidence, Plaintiff also failed to sufficiently plead a claim that Defendant Jenkins withheld exculpatory evidence. Based on the facts alleged in the Complaint, Jenkins simply did not have exculpatory evidence in her possession. As discussed above, it was the "later expert analysis" that led to the existence of exculpatory DNA results. And insofar as Plaintiff's claim is based on the physical DNA evidence itself, there can be no withholding-of-evidence claim, because the Complaint does not allege that such evidence was ever suppressed.

There is no *Brady* violation where "the defendant was aware of the essential facts that would enable him to take advantage of the exculpatory evidence." *United States v. Farah*, 766 F.3d 599, 614 (6th Cir. 2014) (quoting *Spirko v. Mitchell*, 368 F.3d 603, 610 (6th Cir. 2004)). Plaintiff maintained his innocence and was aware of the need to test the DNA. In fact, he alleges that he asked his attorney to test the DNA, but his attorney refused to do so even though there were procedures and policies in place for the public defender to test the DNA. (Complaint, RE 1, PageID # 10, ¶ 50). There are no allegations that Defendant Jenkins refused to let Plaintiff or his attorney review the DNA, the data, the results, her report, or anything else. The only allegation of anyone actually withholding any evidence is Plaintiff's allegation that Defendant *Barnard* failed to provide him with Jenkins's inconclusive test results. (*Id.*). But Plaintiff cannot rely on

allegations against another person to support his claim against Defendant Jenkins. *See Robertson v. Lucas,* 753 F.3d 606, 615 (6th Cir. 2014).

## CONCLUSION

For the reasons stated, the petition for panel rehearing and for rehearing en banc should be granted.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

ANDRÉE S. BLUMSTEIN
Solicitor General

S/Dawn Jordan_____
DAWN JORDAN, BPR # 20383
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-6440

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, a true and correct copy of the foregoing Petition to Rehear was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system.

S/Dawn Jordan_____
Dawn Jordan

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Fed.R.App.P.32(a)(7)(B). The foregoing brief contains less than the word limitation set forth in Fed.R.App.P. 35(b)(2)(A). It contains 3,594 words. The work processing software used to prepare this brief was WordPerfect for Windows XP.

                                                s/Dawn Jordan
                                                DAWN JORDAN